

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

10-7-2008

# Harold v. Black Decker US

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1674

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Harold v. Black Decker US" (2008). *2008 Decisions.* Paper 403.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/403

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-1674

MATTHEW P. HAROLD; LINDA HAROLD,
His Wife

v.

BLACK & DECKER U.S., INC.;
DEWALT INDUSTRIAL TOOL COMPANY;
ABC CORPORATION, 1-5 (representing presently
unknown manufacturers, designers, distributors, assemblers,
testers, servicers/repairers, inspectors, and/or sellers of the tool
in question; XYZ CORPORATION, 6-10 (unknown entities who removed
any warnings and/or safety devices)

BLACK & DECKER U.S., INC.,

Appellant

On Appeal from the United States District Court
for the District of New Jersey
(D. C. No. 04-cv-02427)
District Judge: Hon. Patty Shwartz

Argued on May 13, 2008

Before: McKEE and ROTH, <u>Circuit Judges</u>
PADOVA*, District Judge

(Opinion filed : October 7, 2008)

*Honorable John R. Padova, United States District Judge for the Eastern District of
Pennsylvania, sitting by designation.

David R. Kott, Esquire **(ARGUED)**
McCarter & English
100 Mulberry Street
Four Gateway Center
Newark, NJ   07102-0652

        Counsel for Appellant


Adam L. Rothenberg, Esquire **(ARGUED)**
Levinson Axelrod
2 Lincoln Highway
P. O. Box 2905
Edison, NJ   08818

        Counsel for Appellee


—————

O P I N I O N

—————

**ROTH,** <u>Circuit Judge</u>:

Black & Decker (U.S.) Inc., appeals from an adverse jury verdict in a products liability case.  Black & Decker argues that the District Court erred in excluding its evidence of lack of prior accidents involving the product in question and in its jury instructions.  We conclude that the proffered evidence was admissible.  We will, therefore, vacate the judgment of the District Court and remand this case for a new trial.

## I.  BACKGROUND

Because we write primarily for the benefit of the parties, we will only briefly review the facts and the proceedings below.

Matthew Harold was injured while using a DeWalt Model DW568 Rotary Hammer,

which was designed and manufactured by Black & Decker. Harold was standing on a ladder and using the DW568 to drill a hole in a concrete ceiling when the bit bound up.[1] As a result, Harold fell off the ladder and suffered two broken fingers. The parties did not agree on the underlying cause of the accident.

During trial, Black & Decker offered into evidence records which showed a lack of prior accidents involving the DW568. The records consisted of two electronic databases: a thirteen month record of every phone call to a customer complaint hotline and a record of every claim of loss filed against Black and Decker in the last twelve years. Harold opposed the admission of this evidence. The District Court excluded it as more prejudicial than probative.

Following trial, the jury found in response to special written interrogatories that the product was defective because it was sold with inadequate warnings. The jury awarded $492,548.38 to Harold for medical costs, lost income, and pain and suffering. After its request for a new trial was denied, Black & Decker appealed.

The District Court had jurisdiction over this case under 28 U.S.C. § 1332. We have jurisdiction over the final order of the District Court pursuant to 28 U.S.C. § 1291. We review the District Court's decision to exclude the proffered evidence for abuse of discretion. *Moyer v. United Dominion Indus., Inc.*, 473 F.3d 532, 542 (3d Cir. 2007).

## II. DISCUSSION

Black and Decker asks us to reverse the verdict against it because of the exclusion of

---

[1] Binding occurs when the drill bit fails to clear the hole being drilled and concrete material builds up in the hole, "jamming" the bit.

the evidence of lack of prior accidents and because of the phrasing of the jury charge. Because we find in favor of Black and Decker on the question of the exclusion of evidence, we need not reach the issue of the jury charge.

The admissibility of evidence of prior accidents turns on the question of whether its probative value outweighs its prejudicial effect. *Forrest v. Beloit Corp.*, 424 F.3d 344, 354 (3d Cir. 2005). Generally, the defendant must establish a foundation for admissibility that shows "(a) *similarity*–the defendant must show that the proffered testimony relates to substantially identical products used in similar circumstances; (b) *breadth*–the defendant must provide the court with information concerning the number of prior units sold and the extent of prior use; and (c) *awareness*–the defendant must show that it would likely have known of prior accidents had they occurred." *Id*. at 358. This burden will be satisfied when, as here, a company has maintained a comprehensive database of claims made and lawsuits brought against itself and its subsidiaries. *Moyer,* 473 F.3d at 546-47.[2] Since Black and Decker has sold thousands of rotary hammers functionally identical to the DW568 at issue here, the proffered testimony was admissible, and its exclusion was error under *Moyer*. *Id*. at 547.

## III. **CONCLUSION**

For the foregoing reasons, we will vacate the judgment entered by the District Court and remand this case for a new trial.

---

[2] We note that the District Court did not have the benefit of the guidance provided by *Moyer*, as the decision in that case was published after the District Court's exclusion of the proffered evidence.